IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP J. PAPA | : | CIVIL ACTION |
| | : | |
| | : | NO. 12-03241 |
| v. | : | |
| | : | |
| CHESTER COUNTY PRISON, | : | |
| WARDEN MCFADDEN, | : | |
| DIRECTOR JACK HEALY and | : | |
| JACK CRANS | : | |
| | : | |
| | : | |
| O'NEILL, J. | | JANUARY 31, 2013 |

**MEMORANDUM**

Presently before me is a motion for summary judgment brought by defendants Chester County Prison, Warden D. Edward McFadden, Director Jack Healy and Jack Crans (Dkt. No. 17) and pro se plaintiff Phillip Papa's response thereto (Dkt. No. 19). For the following reasons I will grant the motion.

**BACKGROUND**

Papa is currently incarcerated at SCI-Chester. In July 2012, he filed a complaint alleging that when he was at Chester County Prison, a county facility, the prison provided no Jewish religious services, texts or kosher meals and that this denied him his constitutionally protected ability to practice his religious beliefs. See Dkt. No. 5, ECF p. 3-5. His complaint requested placement in a state correctional institute that provides weekly Jewish religious services as well as kosher meals and compensatory damages. Id. at 5. Defendants' answer to Papa's complaint asserts that Papa is being provided with kosher meals, that he has been permitted to see a rabbi and that his worship requests are being met (e.g., defendants claim that Papa has been provided with a Tanakh, as he had previously requested). See Dkt. No. 10 at ECF p. 2. Additionally,

1

defendants question the sincerity of Papa's religious beliefs and allege that his suit is merely a means by which he seeks to achieve a transfer to a different state prison. See Dkt. No. 13 at ECF p. 1.

Defendants now move for summary judgment arguing that there is no genuine issue of material fact and "that the Prison's policies and conduct did not impose a burden on [Papa's] exercise of his religion." Def.'s Mot. Summ. J. at ECF p. 23. Defendants argue that the undisputed facts here "are established by Requests for Admission" ("RFA's") to which Papa failed to respond, and thus the requests should be "deemed admitted under Rule 36(a)(3)." Id. at ECF 20-21. The requests for admission required Papa, inter alia, to admit or deny that: 1) he "does not have a sincerely held religious belief," RFA No. 12; 2) he received kosher meals while at Chester County Prison, RFA's No. 4 and 5; 3) he "was and is being permitted to see a rabbi, as requested," RFA No. 6; 4) he is having his worship requests met, RFA No. 7; and 5) he was provided with a Tanakh, as requested, RFA No. 8. Def.'s Mot. Summ. J. Ex. 1, p. 1-2. Defendants contend that these admissions "preclude any First Amendment claim." Id. at 23.[1] Defendants also argue that these admissions demonstrate that Papa cannot establish a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) because he can point to no facts demonstrating that any Chester County Prison policy "substantially burdens" his religious exercise. Id. at 24-25.

Papa's response to defendant's motion for summary judgment tracks defendants' requests for admissions, requests to which Papa initially did not respond.[2] Papa asserts that while he was

---

[1] Defendants also argue that Papa's transfer from Chester County Prison to SCI-Chester renders the injunctive and declaratory relief sought in his complaint moot. I agree. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003).

[2] Defendants served Papa with requests for admissions and a related interrogatory on September 6, 2012. Def.'s Mot. Summ. J. Ex. 1. After receiving the requests for admissions,

at Chester County Prison he never received Kosher meals, he "was seen by a Rabbi only twice . . . [but] not in a private area and . . . not for worship" and that he was not provided with a Tanakh for months after he initially requested one. Dkt. No. 19 at ECF p. 2. Papa contends that this imposed a substantial burden on his ability exercise his religion and asserts that "there are Chester County Prison Policies that inhibited his ability to practice his religion." Id. He also denies that he was using "his religious requests as a means to be transferred" out of Chester County Prison and claims that his religious beliefs are sincere. Id.

**I.  Standard of Review**

Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex, 477 U.S. at 322-23. If the movant sustains its burden, the nonmovant must set forth facts demonstrating the existence of a genuine dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A fact is "material" if it might affect the outcome of the case under governing law. Id.

To establish "that a fact cannot be or is genuinely disputed," a party must:

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information,

---

Papa sent a letter dated September 12, 2012, to defendants' attorney explaining that he was "unsure of what you are asking of me in the 'Requests for Admissions and Related Interrogatory' letter. Most of the things stated are outright false or partial [sic] true" and he asked for someone to clarify what defendants were seeking from him. Def.'s Mot. Summ. J. Ex. 2.

> affidavits or declarations, stipulations (including those made for
> purposes of the motion only), admissions, interrogatory answers,
> or other materials; or
>
> (B) show[ ] that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted).

## II. Discussion

Rule 36(a)(3) of the Federal Rules of Civil Procedure provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The Court of Appeals has "long recognized that deemed admissions are sufficient to support orders of summary judgment." Kelvin Cryosystems, Inc. v. Lightnin, 252 F. App'x 469, 472 (3d Cir. 2007); see, e.g., Schwartzman v. Sierra Capital Resources, LLC, No. 11-7395, 2012 WL 5354595, at *2 (E.D. Pa. Oct. 31, 2012) (deeming requests for admissions admitted in the face of nonresponse and granting summary judgment against a pro se defendant); DIRECTV, Inc. v. Jarvis, 262 F. App'x 413, 416 (3d Cir. 2008) (affirming district court's denial of motion for reconsideration after district court had deemed admitted requests for admissions and granted summary judgment against pro se party who had failed to respond); Am. Equip. Leasing v. Capital Transp., Inc., No. 01-2650, 2002 WL

4

31560203, at *1 (E.D. Pa. July 11, 2002) (deeming admitted requests for admission and granting summary judgment against pro se party who failed to respond); U.S. v. Klimek, 952 F. Supp. 1100, 1103 (E.D. Pa. 1997) (deeming admitted requests for admissions and entering judgment against pro se defendant who "proffered no excuse for his failure to respond to the Government's . . . requests for admissions"). When a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may, inter alia, consider those facts undisputed for the purpose of the summary judgment motion or grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. Fed. R. Civ. P. 56(e).

Here, though Papa wrote to defendants' attorney expressing confusion regarding the defendants' discovery requests, he never responded to the requests for admissions and in his response to the motion for summary judgment offers no reasons for the lack of any response. Further, though Papa's response to defendants' motion for summary judgment tracks with defendants' requests for admission, it does nothing more than reiterate the conclusory assertions contained in his complaint and adds no factual support for his allegations. Therefore I find that the matters addressed in defendants' requests for admissions are deemed admitted. Given those admissions, Papa can establish neither a violation of his First Amendment rights nor that the prison imposed a substantial burden on his exercise of religion under the RLUIPA, and therefore summary judgment for defendants is appropriate.

    i.    First Amendment Claim

The Supreme Court has made clear that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." Bell v. Wolfish, 441 U.S. 520, 545 (1979). "Inmates clearly retain protections afforded by the First

5

Amendment, . . . including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Shabazz, 482 U.S. 342, 348 (1987) (citations omitted). In Turner v. Safley, the Supreme Court articulated the standard for reviewing a prison regulation challenged on constitutional grounds: "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). However, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection. DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000). If either of these two requirements is not satisfied, the court need not reach the question of whether a legitimate and reasonably exercised state interest outweighs the proffered First Amendment claim. Id. at 51-52. Because I deem as admitted defendants' RFA number 12, which required Papa to admit or deny that he "does not have a sincerely held religious belief," Def.'s Mot. Summ. J. Ex. 1, p. 2, Papa cannot satisfy the threshold requirement for his First Amendment claim and I will grant summary judgment on that claim.

ii. RLUIPA Claim

The RLUIPA provides that: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." Cutter v. Wilkinson, 544 U.S. 709, 712 (2005), quoting 42 U.S.C. § 2000cc-1(a)(1)-(2). Under RLUIPA, "[a] plaintiff-inmate bears the burden to show that a prison institution's policy or official practice has substantially burdened the practice of that inmate's religion." Washington v. Klem, 497 F.3d 272, 278 (3d Cir. 2007). A substantial burden exists where:

> 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; [or] 2) the government puts

> substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

Id. at 280. Here too Papa's admissions necessitate summary judgment against him on his RLUIPA claim. Defendants' requests for admissions, deemed admitted and undisputed for the purposes of this motion, see Fed. R. Civ. P. 56(e), establish that Papa: 1) received kosher meals while at Chester County Prison, RFA's No. 4 and 5; 2) "was and is being permitted to see a rabbi, as requested," RFA No. 6; 3) is having his worship requests met, RFA No. 7; and 4) was provided with a Tanakh, as requested, RFA No. 8. Thus I find that Papa has not been forced to choose between following the precepts of his religion and receiving benefits available to other inmates, and he has not been pressured by prison officials to modify his behavior or modify his beliefs. Therefore, Papa has not shown that his religious practice has been subjected to a substantial burden and summary judgment for defendants is proper. While I am mindful that pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), at summary judgment "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. Mar. 1, 1989) (granting summary judgment against nonmovant who in opposition to the motion submitted statements of "purported fact [which were] no more than a conclusory parroting of the allegations in the civil complaint"), citing Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988); see also First Nat'l Bank of Pa. v. Lincoln Nat'l. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987) (holding that nonmoving party with burden of persuasion may not rest on mere denials to withstand motion for summary judgment). I find that Papa has not met his burden and summary judgment is appropriate.

An appropriate Order follows.